# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAMON,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN TILTON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00157-AWI-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER TO EXTEND AMENDED PLEADINGS DEADLINE<br><br>(Doc. 57) |

    Plaintiff Barry Lamon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 26, 2009. Pursuant to the scheduling order filed on September 8, 2011, the deadline to amend the pleadings was March 8, 2012. On March 30, 2012, Plaintiff filed a motion seeking to extend the deadline to June 19, 2012.[1,2]

    The scheduling order placed the parties on clear notice that any request for an extension of a deadline must be filed on or before the deadline in question. Plaintiff is aware of that requirement, as he acknowledges in his motion. That the deadline slipped Plaintiff's mind, that he had other litigation projects competing for his time, and the bare, general assertion that he is in need of further discoverable information before he can determine the feasability of amendment do not establish good

---

[1] Plaintiff prepared and signed his motion on March 10, 2012. It is unclear what date the motion was turned over to prison officials for mailing, but, for the limited purpose of resolving the motion, the Court will assume it was the same day. Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009); Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994).

[2] Defendants filed an opposition, but in light of the Court's finding that Plaintiff's motion is untimely and Plaintiff failed to meet his initial burden as the moving party, the Court does not reach the opposition.

1

cause either to overlook the untimeliness of the motion or to extend the amended pleadings deadline. Fed. R. Civ. P. 16(b)(4); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).

The Court finds both that Plaintiff's motion is untimely and that Plaintiff failed to meet his burden as the moving party, and his motion to extend the amended pleadings deadline is therefore DENIED.  Fed. R. Civ. P. 16(b)(4).

IT IS SO ORDERED.

**Dated:   May 2, 2012**                                 /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE