# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAMON, | CASE NO. 1:09-cv-00157-AWI-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE, WITH PREJUDICE |
| v. | |
| JOHN TILTON, et al., | (Doc. 65) |
| Defendants. | |

## I.     Introduction

Plaintiff Barry Lamon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 26, 2009.  Pursuant to the scheduling order filed on September 8, 2011, the discovery deadline was May 8, 2012.  On May 24, 2012, Plaintiff filed a late motion seeking a sixty-day extension of the deadline.[1,2]  Defendants filed an opposition on June 7, 2012, and the motion has been submitted.  Local Rule 230(l).

///

///

---

[1] The proof of service is dated May 22, 2012.  Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009); Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994).

[2] Plaintiff's request for reconsideration of the Court's earlier order denying his motion for an extension of the amended pleadings deadline, included at the end of the instant motion, will not be considered.  Plaintiff separately sought and has been granted an extension of time to file a motion for reconsideration.  (Docs. 64, 67.)  If Plaintiff wishes to withdraw his request for an extension of time to file a motion for reconsideration and proceed with the request as set forth in the instant motion, he may notify the Court, which will then vacate its order granting additional time and consider the request as set forth in the pending motion.  The Court will not consider two separately filed requests for the same form of relief, however.

## II. Requirements for Modification of Scheduling Order

Pursuant to the scheduling order filed on September 8, 2011, any request for an extension of a deadline must be filed on or before the deadline in question. (Doc. 37.) Furthermore, "[the] scheduling order [itself] is not a frivolous piece of paper, idly entered. . . ." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation omitted). Modification of the pretrial scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b)(4), which in turn requires a showing of due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087 (internal quotation marks and citation omitted).

## III. Discussion

Plaintiff seeks generally an extension of the discovery deadline to file motions to compel and/or to seek further discovery based on the responses received to date. (Doc. 65.) However, although Plaintiff is entitled to more leniency as a pro se litigant, that leniency does not extend to overlooking disregard for the scheduling order. Plaintiff is responsible for keeping tracking of his pending deadlines and his litigation workload does not excuse him from keeping track of his cases or from obeying the terms of court orders. The deadlines set in the scheduling order and the directive that any request for an extension of time must be filed on or before the deadline in question are binding orders, not mere suggestions that may be ignored at the parties' whim. See Johnson, 975 F.2d at 610.

Discovery was opened on September 8, 2011, and Defendants served Plaintiff with responses to his discovery requests on November 10, 2011, February 21, 2012, and February 22, 2012.[3] (Docs. 37, 65.) From October 28, 2011, to November 30, 2011, Plaintiff was at CSP-Sacramento for pretrial proceedings. (Doc. 57.) Plaintiff returned to CSP-Corcoran, his regularly assigned prison, on November 30, 2011, and he obtained access to his legal files on January 24, 2012. (Id.) Plaintiff
///

---

[3] Plaintiff's assertion that Defendants' counsel stalled and avoided producing discovery until the expiration of the deadline is belied by the record. Defendants served responses well before the discovery deadline.

2

was again transferred to CSP-Sacramento on March 8, 2012, where he remained until April 3, 2012. (Id.) On April 12, 2012, Plaintiff returned to his regular housing unit at CSP-Corcoran. (Doc. 61.)

    Taking into account the alleged disruption in Plaintiff's housing assignment and access to his legal material, Plaintiff still had between January 24, 2012, and March 8, 2012, within which to file any motions to compel, propound further discovery, or, *at a minimum*, file a timely motion to extend the discovery deadline. Notably, Plaintiff's March transfer to CSP-Sacramento was neither sudden nor unforeseen, as the order setting Plaintiff's civil case for jury trial on March 19, 2012, in Sacramento was filed on November 28, 2011.[4]

    Plaintiff's assertion that he filed at least four motions seeking relief from the discovery deadline is inaccurate. Plaintiff sought and was granted two extensions of time to serve his responses to Defendants' discovery requests, on December 15, 2011, and February 2, 2012. (Docs. 50, 52, 53, 54.) Plaintiff also filed one earlier motion for an extension of time to file a motion to compel, which was denied as premature, but that denial occurred on December 15, 2011, and it was based entirely on the fact that Plaintiff was seeking a thirty-day extension of time at a juncture in which the discovery deadline was still approximately five months away; a thirty-day extension of time would not have benefitted Plaintiff. (Docs. 50, 52.) Finally, the motion filed on March 30, 2012, sought *only* to extend the amended pleadings deadline; it did not seek relief as to the discovery deadline. (Doc. 57.) That Plaintiff failed at that time to timely seek an extension of the discovery deadline is both inexplicable and inexcusable. By that juncture in the proceedings, Plaintiff had the ability to determine what further discovery was needed and timely request an extension, as Plaintiff was well aware of the pending deadline. (Id., ¶17.)

    Plaintiff's other contentions regarding his housing restrictions and medical conditions are unpersuasive. Neither issue caused Plaintiff to be deprived of an opportunity to engage in discovery or to timely seek appropriate relief in this case. To the contrary, Plaintiff had ample opportunity to conduct discovery and to timely seek an extension of the deadline supported by a showing of good

///

---

[4] The Court takes judicial notice of case number 2:06-cv-00156-KJM-CKD Lamon v. Director, California Dept. of Corr., et al.

3

cause. The records in this action and in Plaintiff's other recently-litigated actions demonstrate that Plaintiff is capable of prosecuting his actions and he has been doing so.[5]

### IV. Conclusion and Order

In conclusion, Plaintiff's motion for an extension of the discovery deadline was not timely filed, its lateness is not excusable, and the requested extension is not supported by showing of good cause. Fed. R. Civ. P. 16(b)(4). Accordingly, Plaintiff's motion for an extension of the discovery deadline is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   July 11, 2012**                                       /s/ Sheila K. Oberto
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[5] The Court takes judicial notice of case numbers 1:09-cv-00205-LJO-SMS PC <u>Lamon v. Adams, et al.</u> and case number 1:12-cv-00296-AWI-GSA PC <u>Lamon v. Amrheign, et al.</u>