# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAMON, | CASE NO. 1:09-cv-00157-AWI-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION OF ORDERS DENYING MOTIONS FOR EXTENSIONS OF AMENDED PLEADINGS AND DISCOVERY DEADLINES |
| v. | |
| JOHN TILTON, et al., | |
| Defendants. | (Docs. 65 and 70) |

**Order Denying Motions for Reconsideration**

**I.     Procedural History**

Plaintiff Barry Lamon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 26, 2009. This action is proceeding on Plaintiff's First Amendment retaliation claim against Defendant Birkholm and Plaintiff's Eighth Amendment medical care claim against Defendants Birkholm, Mayugba, and Schutt.

Pursuant to the scheduling order filed on September 8, 2011, the deadline to amend the pleadings was March 8, 2012, and the discovery deadline was May 8, 2012. (Doc. 37.) On March 30, 2012, Plaintiff filed a motion seeking to modify the scheduling order to extend the amended pleadings deadline, and on May 3, 2012, the Court issued an order denying the motion. (Docs. 57, 62.) On May 14, 2012, Plaintiff filed a motion seeking a thirty-day extension of time to file a motion for reconsideration, and on May 24, 2012, Plaintiff filed a motion seeking to modify the scheduling order to extend the discovery deadline. (Docs. 64, 65.) Plaintiff was granted an extension of time to file a motion for reconsideration on July 10, 2012. (Doc. 67.)

1

On July 11, 2012, the Court denied Plaintiff's motion to modify the scheduling order to extend the discovery deadline and in the order, the Court noted that at the end of his motion, Plaintiff requested reconsideration of the order denying his motion to modify the scheduling order as to the amended pleadings deadline. (Doc. 68.) Because Plaintiff had separately sought and just been granted an extension of time to file a motion for reconsideration relating to the amended pleadings deadline, the Court declined to consider his request for reconsideration made at the end of his motion relating to the discovery deadline. The Court informed Plaintiff that if he wished to withdraw his request for an extension of time to file a motion for reconsideration and proceed with the request for reconsideration as set forth in his motion for an extension of the discovery deadline, he could notify the Court and it would vacate its order granting additional time and address the request set forth in the motion.

On July 23, 2012, Plaintiff filed objections to the order denying his motion to modify the scheduling order to extend the discovery deadline, which is treated as a motion for reconsideration. Local Rule 230(j). (Doc. 70.) Defendants filed an opposition on July 27, 2012, and the motion has been submitted. Local Rule 230(l). (Doc. 74.)

**II.    Motion for Reconsideration of Order Denying Extension of Discovery Deadline**

   **A.    Legal Standard**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if

2

there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

  **B.**  **Ruling**

  Plaintiff disagrees with the order denying his motion to modify the scheduling order to allow for further discovery. However, the Court articulated, clearly and plainly, its reasons for denying the motion, and in doing so, it relied upon and cited to relevant, binding authority. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). While Plaintiff's desire for a different outcome is understandable, he is cautioned that impugning the integrity of the Court will not be tolerated. Plaintiff's motion for reconsideration sets forth no grounds which would entitle him to relief from the order and therefore, the motion for reconsideration is denied, with prejudice. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j); Marlyn Nutraceuticals, Inc., 571 F.3d at 880; Harvest, 531 F.3d at 749; Westlands Water Dist., 134 F.Supp.2d at 1131.

**III.**  **Motion for Reconsideration of Order Denying Extension of Amended Pleadings Deadline**

  In his motion filed on July 23, 2012, Plaintiff's choice of words is suggestive that he is still awaiting a ruling on his motion to modify the scheduling order to extend the amended pleadings deadline. (Doc. 70, Motion, 5:9-12 & 5:17-19.) This is not the case, and Plaintiff's other filings relate to reconsideration of that ruling, evidencing Plaintiff's receipt of the order denying his motion to modify the scheduling order to extend the amended pleadings deadline. (Docs. 62, 64, 65.) Thus, the Court necessarily treats the language as declining to file another motion for reconsideration and

///

1  requesting that the Court rule on his motion for reconsideration as set forth in the motion filed on
2  May 24, 2012. The Court will do so.
3       In his May 24 motion, Plaintiff noted that his motion to modify the scheduling order to
4  extend the amended pleadings deadline was not denied with prejudice, and he requested that, based
5  on his arguments for an extension of the discovery deadline, the Court reconsider its order denying
6  his motion to extend the amended pleadings deadline. (Doc. 65, Motion, 13:7-14.)
7       That a motion was not expressly denied with prejudice does not relieve Plaintiff of his burden
8  as the party moving for reconsideration. A party's mere disagreement with a court order does not
9  suffice to support a motion for reconsideration. Plaintiff's motion to modify the scheduling order
10 to extend the amended pleadings deadline was denied on the grounds that it was untimely and that
11 good cause was not shown. Plaintiff has neither demonstrated that the Court erred nor set forth any
12 other ground entitling him to reconsideration of the order. Fed. R. Civ. P. 60(b)(6); Local Rule
13 230(j); Marlyn Nutraceuticals, Inc., 571 F.3d at 880; Harvest, 531 F.3d at 749; Westlands Water
14 Dist., 134 F.Supp.2d at 1131.
15      In the order issued on July 11, 2012, the Court addressed the time frame within which
16 Plaintiff could have filed documents, Plaintiff's inaccurate assertion that he had filed at least four
17 motions seeking relief from the discovery deadline, and Plaintiff's contentions relating to housing
18 conditions and medical issues. (Doc. 68, 3:3-25 & 4:1-2.) In as much as Plaintiff requests that those
19 arguments be considered with respect to reconsideration of the order denying his request to extend
20 the amended pleadings deadlines, the Court reiterates that none of those arguments compels a
21 different finding as to entitlement to reconsideration related to the amended pleadings deadline, and
22 in particular, it bears repeating that Plaintiff's transfer from one prison to another on March 8, 2012,
23 was neither sudden nor unforeseen. (Id., 3:6-8.)
24      Accordingly, Plaintiff's motion for reconsideration of the order denying his motion to modify
25 the scheduling order to extend the amended pleadings deadline is denied, with prejudice.
26 ///
27 ///
28 ///

## IV. Order

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the order denying his motion to modify the scheduling order to extend the discovery deadline, filed on July 23, 2012, is DENIED, with prejudice; and

2. Plaintiff's motion for reconsideration of the order denying his motion to modify the scheduling order to extend the amended pleadings deadline, filed on May 24, 2012, is DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **October 10, 2012**                                 /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE